Arthur LINDE, Appellant (Defendant below),

v.

TOPEKA AIRCRAFT SALES AND SERV-
ICE, INC., a Kansas corporation,
Appellee (Plaintiff below).

No. 3165.

Supreme Court of Wyoming.

Nov. 26, 1963.

G. R. McConnell, Laramie, for appellant.

David N. Hitchcock, Laramie, for appel-
lee.

Before PARKER, C. J., and HARNS-
BERGER, GRAY and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered
the opinion of the court.

In two counts plaintiff sued to recover for
services and material furnished in connec-
tion with the overhaul of defendant's air-
plane. Defendant denied, and, upon trial to
the court, plaintiff was given judgment
against defendant for the full amount
claimed. Defendant appeals.

From briefs and argument of counsel, it
appears appellant contends the judgment is
either not supported by the evidence, con-
trary to the evidence, or is contrary to law.

The gist of defendant's position at the
trial was that while he admitted the air-
plane which was overhauled belonged to
him, that it was taken by him to plaintiff
for repair, and some $900 of the cost of
overhaul was paid by him from his personal
funds, payment for the service to his air-
plane should be obtained from Frontier
Fiberglass Corporation, a company of
which he was president.

■ The evidence is not particularly
conflicting as to material facts, and, of
course, where there is conflict, only the evi-
dence most favorable to the successful par-
ty may be considered on this appeal. Ap-
pellant points out that plaintiff's shop work-
orders bore the name of Frontier Fiberglass
Industries, Inc., of Cheyenne, and that one
of several statements of the account was in
that company's name. However, one such
statement of the same account was in the
name of Continental Fibre Glass Corpora-
tion of Fort Wayne, Indiana, and another
statement, in fact the earliest statement of
account, was in the name, "Mr. Arthur
Linde [the appellant], Frontier Fibre Glass
Industries, Inc., Box 2061, Cheyenne, Wyo-
ming." If these billings were material
evidence upon the issue of the nature of the
contract under which service was per-
formed, the most that can be said of them
is that they presented a conflict which the
trial court was entitled to resolve as seemed
best in the exercise of its proper discretion.

■ But the true issue was not how the
billing for services rendered was made, but
what was the contract. By appellant's own
testimony, he purchased the airplane in
question from plaintiff, through its Presi-
dent, Mr. Meisinger. By Meisinger's tes-
timony, it appears appellant brought the
airplane back to plaintiff-company for the

overhaul and discussed the work to be done with Meisinger; that no mention was made of the Frontier Fiberglass Company; and there was no conversation about charging the work and collecting for it from anyone other than the defendant.

It is unnecessary to recount any more of the evidence. From that here noted, the court was justified in concluding there was an implied contract that the appealing defendant would pay for the services rendered. The judgment must be affirmed.

Affirmed.